# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL LASANE, | Civil Action No. 20-15219 (MAS) (TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| ROBIN MILLER, et al., | |
| Defendants. | |

This matter comes before the Court on the Court's review of Plaintiff Michael Lasane's civil complaint. (ECF No. 1.) Because this Court has granted Plaintiff *in forma pauperis* status (*see* ECF No. 2), the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that in December 2019, he was accused by Defendants Etienne and Bass of throwing away pain medication he was given for an ongoing nerve issue in his arm. (ECF No. 1 at 11-12.) Defendant Bass reported this alleged incident, which Plaintiff contends never occurred, to Defendant Miller. (*Id.* at 12-13.) Based on the reported disposal of his medication, Miller discontinued the pain prescription. (*Id.*) The following day, Plaintiff reported for his daily medication, but was denied the pain medicine as it had been discontinued by Dr. Miller. (*Id.* at 13.) Plaintiff filed a request to be seen for ongoing severe arm pain, and was seen by another nurse on December 5, who noted his complaints and referred him to be seen by Defendant Teh, a nurse practitioner, the following day. (*Id.*). During this visit, Teh declined to

resume the pain medication, noting that this decision was based on the report that he had thrown away his medication, but noted that she would discuss the issue with a supervisor. (*Id.* at 14.)

Plaintiff filed several more medical requests and was referred to be seen by another practitioner on December 26, 2019. (*Id.* at 15.) Based on his reported pain and range of motion issues, Plaintiff was referred for a medical consultation with an orthopedist on January 16, 2020. (*Id.* at 16.) The orthopedist for his part noted Plaintiff's pain and "recommended" that the pain medication be reinstated, but would "defer" to a neurologist for a final decision on that issue. (*Id.*) Based on this recommendation, Plaintiff requested he be returned to the pain prescription, but received no response until he saw Defendant Miller on March 12, 2020. (*Id.*) Plaintiff alleges that Dr. Miller took no action on Plaintiff's complaints of pain. (*Id.*). Plaintiff was thereafter seen by another doctor on March 26, who ordered the pain medications be resumed. (*Id.* at 17.)

Based on these allegations, Plaintiff contends that Defendants Miller, Etienne, Bass, Teh, and Teh's John Doe Supervisor were deliberately indifferent to his medical needs. (*Id.* at 19.) Plaintiff also contends that the denial of his medication amounts to punishment without due process, and that Defendants denied him medication as retaliation for prior complaints regarding medication handling by prison nurses. (*Id.* at 19-21.) Finally, Plaintiff asserts that his Eighth Amendment rights were somehow infringed when unspecified John Doe prison employees denied him full access to all of his medical records through the prison's inmate grievance system. (*Id.* at 21.)

Having reviewed Plaintiff's complaint, this Court finds no basis for the dismissal of Plaintiff's Eighth Amendment medical claims against Defendants Miller, Etienne, Bass, and Teh, and will permit those claims to proceed at this time. Plaintiff's medical claim against the John Doe Defendant, however, contains no actual allegations of actions John Doe did or did not take,

nor any allegations that the John Doe supervisor was in any way aware of Plaintiff's situation. A Defendant in a civil rights action must have actual involvement in the alleged violation to be liable, and as such defendants may not be held liable vicariously for the acts of their subordinates, *see Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), Plaintiff's claims against the John Doe medical supervisor are dismissed without prejudice.

Turning to Plaintiff's alleged Due Process claim, he appears to assert that the termination of his prescription amounts to punishment without an opportunity to be heard through a formal disciplinary hearing. This Court, however, is aware of no decision holding that medical officials may not terminate medical treatment in the absence of a hearing,[1] notwithstanding any pain that may result from that decision. Such a requirement would be inherently impractical and often impossible in light of the immediacy of action often called for in the medical context. The appropriate constitutional claim for improperly made medical decisions is one for deliberate indifference to medical needs, not a claim for the denial of a hearing before a medical decision was made. Plaintiff's Due Process claim must therefore be dismissed without prejudice.

Plaintiff also contends that the decision to deny him further pain medication made by Defendant Miller amounts to a case of Defendants Miller, Bass, Etienne, and Teh conspiring to retaliate against him for prior instances in which he'd complained that Defendant Etienne had handed out medication to various prisoners without changing her gloves in violation of the First

---

[1] The Court notes that hearings are sometimes called for in the context of *forced* medical treatment, *see generally Washington v. Harper*, 494 U.S. 210 (1990), and are often demanded by the Due Process clause in instances of the application of prison discipline which deprive a plaintiff of a recognized liberty or property interest. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 478-80 (1995). Plaintiff's claim fits neither category, and instead is merely an attempt to recharacterize a medical claim as an entirely different sort of constitutional violation.

Amendment. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). While Plaintiff's grievances may well be protected activity and the denial of needed pain medication may well be sufficiently severe to satisfy this test, Plaintiff fails to plead adequate facts connecting the two. Here, Plaintiff pleads that he made complaints against Etienne in the past, and that Etienne claimed to see him throwing his pain medication in the trash. He does not assert any direct causal connection between the two, nor does he actually assert that Etienne called Dr. Miller in order to get him taken off his medication. It was another nurse, Defendant Bass, who later called Dr. Miller, and Dr. Miller – not Defendant Etienne – who ultimately concluded that the medication should be discontinued if Plaintiff were disposing of it in the trash. Indeed, Plaintiff does not even directly allege that Etienne invented – rather than mistakenly believed – that Plaintiff disposed of his medication. Nothing in the complaint other than vague allegations of a conspiracy[2] therefore connect Plaintiff's complaints about Etienne to the actual discontinuing of his medication. Plaintiff thus fails to adequately plead a casual link between his

---

[2] In his complaint, Plaintiff baldly asserts that the medical defendants conspired to retaliate against him. He also at times baldly asserts that they conspired to deny him treatment. A civil rights plaintiff may not merely assert a conspiracy – to raise a claim premised on conspiracy he must actually plead facts indicating the existence of a conspiracy, specifically agreement and concerted action by the alleged conspirators. *See, e.g., Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action).

grievances and the discontinuing of his pain medication. Plaintiff's retaliation claim must be dismissed without prejudice as a result. *Thomas*, 463 F.3d at 296.

Finally, Plaintiff contends that four John Doe Defendants, each of whom is a prison official in charge of the prison's JPAY Kiosk grievance system, violated his rights by not providing him unfettered access to his medical records through the Kiosk system, which it appears Plaintiff is not permitted to use (*see* ECF No. 1 at 5-6). Prisoners have no federal right to an inmate grievance system, however, nor do they have a right to any particular response to any grievances the prison does allow them to file. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n. 4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.), *aff'd*, 142 F.3d 430 (3d Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). Plaintiff thus had no constitutional right to access the JPAY grievance kiosk system, nor to any response – including copies of his medical records – that he believes he should have received through his grievance procedures. Plaintiff's claim premised on the failure of grievance administrators to provide a response to his medical grievances or unfettered access to his medical records through the grievance system must therefore be dismissed without prejudice.[3]

---

[3] The Court further notes that Plaintiff does not allege in his complaint that he had no ability to access his records, and the fact that he quotes from some treatment notes by at least one Defendant suggests that he may actually have access to those records, albeit not through the JPAY system. Plaintiff also fails to allege any way in which lack of access to his medical records actually harmed him – his having physical or electronic access to his records appears to largely have been irrelevant to the harm he alleges. That a prisoner is denied access to his records alone is generally not sufficient to make out a constitutional violation, even putting aside the fact that Plaintiff here claims only that he was denied access through the grievance system. *See, e.g., Basemore v. Vihilda*, No. 13-669, 2014 WL 640257, at *15-16 (W.D. Pa. Feb. 19, 2014).

**IT IS THEREFORE** on this 5th day of January, 2022, **ORDERED** that:

1. Plaintiff's medical claims shall **PROCEED** against Defendants Miller, Bass, Etienne, and Teh at this time.

2. Plaintiff's remaining claims are all **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each of Defendants Miller, Bass, Etienne, and Teh.

4. Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

5. Upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants Miller, Bass, Etienne, and Teh pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.

6. Defendants shall each file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2).

7. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**